UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RANDY BEA ANDERSON            ]
    Plaintiff,              ]
                             ]
v.                           ]         No. 3:15-0005
                             ]         Judge Sharp
RIVERBEND MAXIMUM SECURITY   ]
INSTITUTION, et al.          ]
    Defendants.             ]


**M E M O R A N D U M**


The plaintiff, proceeding *pro se*, is an inmate at the West
Tennessee State Penitentiary in Henning, Tennessee. Because he has
been granted pauper status, *see* Docket Entry No.4, the Court is now
obliged to review the complaint (Docket Entry No.1) to determine
whether it is malicious, frivolous, or fails to state a claim. 28
U.S.C. § 1915(e)(2).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983
against the Riverbend Maximum Security Institution; the Medical
Staff at Riverbend; and four named Riverbend guards; seeking
unspecified relief.

On December 21, 2014, the plaintiff was being transported from
his present place of confinement to Riverbend so that he could
attend a court date in Nashville. During his transfer, the
transport officers confiscated his cane. Upon arrival at Riverbend,

the plaintiff was forced to exit the van without the assistance of his cane. As a result, he fell and badly injured his right leg.

The plaintiff was placed in a wheelchair and escorted to the infirmary. There, he was given an injection for the pain and received a prescription for additional pain medication. When his condition did not improve, the plaintiff flooded his cell. Later, the plaintiff threw his food tray out into the hall. He also refused to withdraw his arm from the "pie flap" in his cell door. This arm was cut badly when officers freed the arm from the "pie flap".

The plaintiff claims that the transport officers violated his rights by confiscating his cane. He further alleges that at least one of the defendants made racially discriminatory remarks to him and that he was denied adequate medical care for his maladies.

This action is being brought against the defendants in their official capacities only.[1] A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity of which the official is an agent. Matthews v. Jones, 35 F.3d 1046,1049 (6th Cir.1994); *see also* Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In

---

[1] Transportation Officer Wissner is the only defendant who is being specifically sued solely in his official capacity. *See* Docket Entry No.1 at pg.4. However, the remaining defendants are only referred to in the complaint by rank and there is no indication that they are being sued in their individual capacities.

essence, then, the plaintiff's claims are against the State of Tennessee, the entity responsible for the operation of the Riverbend Maximum Security Institution. <u>Hafer v. Melo</u>, 502 U.S. 21,25 (1991); *see also* <u>Johnson v. Dellatifa</u>, 357 F.3d 539, 545 (6th Cir.2004).

The Eleventh Amendment bars a suit in federal court by a citizen against a state unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. <u>Pennhurst State School and Hospital v. Halderman</u>, 104 S.Ct. 900, 908 (1984); <u>Will v. Michigan Department of State Police</u>, *supra.* Congress has not overridden a state's sovereign immunity to civil rights complaints. Nor has the State of Tennessee consented to waive its immunity to such actions. <u>Berndt v. Tennessee</u>, 796 F.2d 879 (6th Cir.1986). As a consequence, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.



_____
Kevin H. Sharp
Chief District Judge

3